MARY C. WILLIAMS, Plaintiff, *v,* ALBERT WILLIAMS, Defendant.

Supreme Court, Special Term, Kings County, February 4, 1947.

*George Langberg* for plaintiff.

No appearance for defendant.

COLDEN, J. Motion by plaintiff for an order disaffirming the report of the official referee and for a further order granting to the plaintiff herein an interlocutory judgment of annulment of marriage. An examination of the record shows that the plaintiff is a Roman Catholic; that the defendant proposed marriage to the plaintiff who, on learning that the defendant was not of her faith, declined marriage; that the defendant, in order to induce plaintiff to marry him, represented to plaintiff that he would become a convert to Roman Catholicism, and following such conversion would live and practice such faith. Thereafter the

defendant, unaccompanied by plaintiff or anyone representing her, conferred with a Roman Catholic priest in the parish where he resided. The priest gave him instruction in the faith and books of instruction to take with him on a voyage he was about to make. Nine months later upon his return from overseas he told plaintiff that he had made up his mind to embrace the faith of plaintiff. A day or two later he was baptized in the Roman Catholic faith. At that time he received instructions as to the practice of the faith, attendance at Mass every Sunday, Confession and Holy Communion monthly, the prohibition of birth control and the bringing up of children in the faith of the Church. The defendant by his every word and act indicated to the plaintiff and to the priest his complete acceptance of the tenets of the Roman Catholic Church and of his intention to live according to the faith. Three days later he married plaintiff. For a short while the defendant ostensibly complied with the practice of the faith which he had apparently embraced. Then came a Sunday when he declined to go to Church, and following that attempted to use contraceptives in marital relations, which relations plaintiff refused. In a talk which followed the defendant said that he " couldn't be bothered going to Church, that he was fed up with it." He also stated that he did not want any children. The plaintiff, a relative and a friend joined in a discussion with the defendant concerning his attitude and he stated that he never had believed anything the Catholic religion held, that he had never intended to, and that his promise to live with the plaintiff as man and wife in accordance with the teachings of the Roman Catholic Church was made just so the plaintiff would marry him.

The record is crystal clear that what the plaintiff demanded as a condition of marriage to the defendant was not the form or symbol of conversion but the actual living in the marriage state strictly in accordance with her faith. The defendant went through the symbolism of conversion but factually he perpetrated a fraud upon plaintiff and upon the priests of the Church since there was no truth and no substance in his promises and his statements. For the plaintiff to live with the defendant as his wife would be repugnant in every aspect of their lives together. By his acts and promises he grossly deceived her and induced her to enter a marriage based upon representations that were cruel in their falsity. She made her position clear and definite before accepting his proposal. She sought not the shadow of symbolism but the substance of faith. The fraud which this defendant practiced in going through that which was to him but an empty gesture but to the plaintiff a thing of tragic implica-

tions, is so serious that the plaintiff is entitled to the relief which she seeks.

Marriage, aside from its religious aspects, is the most important civil contract with which our courts have to deal. The contract in this case was procured by base fraudulent representations made to plaintiff by the defendant. His representation as to the state of his mind, and his intentions, made prior to the marriage and in reliance upon which the plaintiff acted were wholly false. Upon those representations the plaintiff acted — accepting the defendant in marriage — with the belief that their lives together would be united in a single religious faith, their union blessed with children who would grow up in the faith of their mother and father. Because of the fraud thus practiced upon her, plaintiff is entitled to judgment annulling the marriage. Submit proposed findings, conclusions and interlocutory judgment.